UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GAVIN B. DAVIS,<br><br>        Plaintiff,<br><br>v.<br><br>JEFFREY F. FRASER,<br><br>        Defendant. | Case No.: 3:17-cv-00708-CAB-(NLS)<br><br>**ORDER GRANTING MOTION TO DISMISS WITHOUT LEAVE TO AMEND [Doc. No. 9]; DENYING REQUEST FOR ORAL ARGUMENT [Doc. No. 39]; DENYING ALL OTHER MOTIONS AS MOOT [Doc. Nos. 6 and 8; CLOSING CASE** |

In this action, plaintiff Gavin B. Davis ("Plaintiff") asserts a 42 U.S.C. § 1983 claim against the Honorable Jeffrey F. Fraser, Judge of the Superior Court of California, County of San Diego ("Defendant"). The Complaint challenges rulings made by Judge Fraser while presiding over two pending state court criminal matters in which Davis is the defendant. On April 28, 2017, Defendant filed a motion to dismiss the complaint with prejudice. [Doc. No. 9.] On July 18, 2017, Plaintiff filed a response to the motion to dismiss. [Doc. No. 37.] On August 2, 2017, Defendant filed a reply to the response. [Doc. No. 38.] On August 10, 2017, Plaintiff filed a motion for oral argument and sur-reply. [Doc. No. 39.] For the reasons set forth below, the motion to dismiss is

**GRANTED WITHOUT LEAVE TO AMEND** and the request for oral argument is **DENIED**.

ALLEGATIONS OF COMPLAINT

Judge Fraser is currently presiding over two criminal law matters in the Superior Court in which Davis is the named defendant. [Doc. No. 1 at ¶¶ 2, 3.] On November 3, 2016, Plaintiff "unequivocally rejected the suggestion" to have the Public Defender's office represent him, and instead privately retained attorney Patrick Hennessey to represent him in the two underlying proceedings. [Doc. No. 3 at ¶ 7.] On January 27, 2017, over Plaintiff's objection, the Superior Court granted Hennessey's request to withdraw as counsel of record due to a conflict. [Doc. No. 1 at ¶ 24; ECF No. 3 at ¶¶ 9-10.]

After the two cases were assigned to Judge Fraser, on April 6, 2017 Davis filed a Motion to Waive a Conflict of Interest, seeking to have Hennessey reappointed. [Doc. No. 1 at ¶ 24 and Doc. No. 3.] Plaintiff's motion was not directed at obtaining counsel in general, but instead expressly and specifically requested Judge Fraser to "Order" Hennessey "to continue in his retained capacity as counsel" in the two criminal matters. [Doc. No. 1 at ¶ 24; Doc. No. 3 at ¶ 44.] Judge Fraser denied Plaintiff's motion. [Doc. No. 1 at ¶ 24.]

The following day (April 7, 2017), Plaintiff filed this action. The Complaint alleges that in the underlying state court criminal proceedings, Judge Fraser: (1) deprived him of his right to counsel[1]; (2) prematurely heard and erroneously denied Plaintiff's motion to disqualify Deputy District Attorney Leonard Trinh at a hearing on April 5, 2017; (3) erroneously gave Plaintiff only "forty-five seconds" to speak on an issue at the April 5, 2017 hearing; (4) heard certain matters that had not been properly noticed; (5)

---

[1] Defendant's Request for Judicial Notice [Doc. No. 38-1] is GRANTED. The minute orders from the state court proceeding show Plaintiff is now represented by counsel in that proceeding. [Doc. No. 38-2 at 3.]

2

3:17-cv-00708-CAB-(NLS)

improperly denied his request for a trial continuance; and (6) erroneously denied Plaintiff's request to record proceedings on April 6, 2017. [Doc. No. 1 at ¶¶ 4, 13–28.] Plaintiff seeks relief in the form of damages and injunctive relief, including a stay of his two pending state criminal cases. [No. 1 at ¶¶ 40, 44.]

DISCUSSION

A. Legal Standard.

On a motion to dismiss pursuant to Rule 12(b)(1), the standard to be applied varies according to the nature of the jurisdictional challenge. A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of jurisdiction contained in the complaint as insufficient on their face to demonstrate the existence of jurisdiction ("facial attack"), or may be made as a "speaking motion" attacking the existence of subject matter jurisdiction in fact ("factual attack"). *Thornhill Publishing Co. v. General Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir.1979); *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d. Cir.1977). If the motion constitutes a facial attack, the court must consider the factual allegations of the complaint to be true. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir.1981); *Mortensen*, 549 F.2d at 891. If the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Thornhill,* 594 F.2d at 733 (*quoting Mortensen*, 549 F.2d at 889).

Federal Rule of Civil Procedure 12(b)(6) permits a party to raise by motion the defense that the complaint "fail[s] to state a claim upon which relief can be granted"— generally referred to as a motion to dismiss. The Court evaluates whether a complaint states a cognizable legal theory and sufficient facts in light of Federal Rule of Civil Procedure 8(a)(2), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand . . . more than an unadorned, the defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570); *see also* Fed. R. Civ. P. 12(b)(6). A claim is facially plausible when the collective facts pled "allow . . . the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*. Facts "'merely consistent with' a defendant's liability" fall short of a plausible entitlement to relief. *Id*. (quoting *Twombly*, 550 U.S. at 557). The Court need not accept as true "legal conclusions" contained in the complaint, id., or other "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

If the court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Under Rule 15(a), when there is no "[u]ndue delay, bad faith[,] dilatory motive on the part of the movant,... undue prejudice to the opposing party by virtue of ... the amendment, [or] futility of the amendment," leave to amend a complaint is to be "freely given." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Generally, leave to amend is denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. *Broughton v. Cutter Labs*., 622 F.2d 458, 460 (9th Cir.1980).

B. Absolute Judicial Immunity.

Defendant argues that Plaintiff's complaint against Judge Fraser is precluded by the doctrine of absolute judicial immunity because all of the challenged decisions occurred during the course of ongoing criminal proceedings and are, therefore, judicial in nature. [Doc. No. 9-1 at 6.]

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002), as

amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.' " *Olsen v. Idaho State Bd. of Med.,* 363 F.3d 916, 922 (9th Cir. 2004) (*quoting Bradley v. Fisher*, 13 Wall. 335, 347 (1871)). This judicial immunity insulates judges from suits brought under section 1983. *Olsen*, 363 F.3d at 923.

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.' " *Id*. (*quoting Cleavinger v. Saxner*, 474 U.S. 193 (1985)). However a judge is not immune where he acts in the clear absence of jurisdiction or for acts that are not judicial in nature. *Ashelman*, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." *Stone v. Baum,* 409 F. Supp. 2d 1164, 1174 (D. Ariz. 2005).

To determine if an act is judicial in nature, the court considers whether (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity. *Duvall v. Cty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001), *as amended on denial of reh'g* (Oct. 11, 2001) (*quoting Meek v. County of Riverside*, 183 F.3d 962, 967 (9th Cir. 1999)).

Here, all of Judge Fraser's challenged actions were judicial in nature. In his opposition, Plaintiff concedes that the Defendant's actions were all "in his line of duty presiding over SCD266332 and SCD267655 in which Plaintiff is a defendant. . . ." [Doc. NO. 37 at 10, ¶21.] Plaintiff then argues that "the actions of Defendant Jeffrey [Fraser] are so unconscionable against the most basic federal rights enshrined in the U.S.

Constitution and its Amendments, as to be actionable and piercing the concept of immunity." *Id.* However, Plaintiff provides no authority for his argument that a judge's conduct can somehow "pierce" absolute judicial immunity.

Finally, Plaintiff also argues that judicial immunity does not apply to claims for declaratory and injunctive relief. [Doc. No. 37 at 11, ¶27.] However, there is no request for declaratory relief in the Complaint, and it is not clear what, if any, injunctive relief Plaintiff may be seeking. Moreover, Section 1983 expressly provides that injunctive relief is not available against a judicial officer unless a declaratory decree was violated or declaratory relief was unavailable. 42 U.S.C. §1983. Plaintiff has made no such allegation. Instead, he merely argues in his opposition, without authority, that such a limitation on the availability of injunctive relief against a judge is "manifestly Unconstitutional in nature." [Doc. No. 37 at 12, ¶28.] This argument is without merit.

Accordingly, because the Complaint does not set forth any facts to show that an exception to judicial immunity applies, and Plaintiff has not set forth any additional facts in his opposition to make such a showing, the complaint is barred by the doctrine of absolute judicial immunity.

C. Eleventh Amendment Immunity.

Defendant argues this action is also barred by Eleventh Amendment immunity, which bars suits against a state or an arm of the state; and judges are considered arms of the state. [Doc. No. 9-1 at 7.]

The Eleventh Amendment generally bars suits against a state or an arm of the state under principles of sovereign immunity. *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995). The Eleventh Amendment has been construed as a grant of sovereign immunity to states against suits in federal court and is in the nature of a jurisdictional bar. *See Alabama v. Pugh*, 438 U.S. 781, 782 n.1 (1978); *see also Riggle v. California*, 577 F.2d 579, 581-82 (9th Cir. 1978). A judicial officer of the California Superior Court acting in his official capacity is also entitled to Eleventh Amendment immunity. *Simmons v. Sacramento County Superior Court,* 318 F.3d 1156,1161 (9th Cir.2003); *Austin v. State*

*Indus. Insur. Sys.*, 939 F.2d 676, 677 (9th Cir.1991). Here, Judge Fraser is a judicial officer, and all of the challenged actions were undertaken in his official capacity. Therefore, the complaint is barred by Eleventh Amendment Immunity.

Plaintiff argues that, under *Ex Parte Young*, 209 U.S. 123 (1908), Eleventh Amendment immunity does not apply to suits for injunctive relief against state officials who are violating federal law. [Doc. No. 37 at 18, ¶41.] However, as set forth above, Plaintiff has not alleged a viable claim for injunctive relief under Section 1983 because he has not alleged that a declaratory decree was violated or that declaratory relief was unavailable. In addition, the *Ex Parte Young* exception is limited to ongoing and continuing violations of federal law; it does not apply to claims premised on past conduct. *Papasan v. Allain*, 478 U.S. 265, 277-78 (1986). Here, Plaintiff's allegations against Judge Fraser are directed at decisions he has already made. Therefore, the *Ex Parte Young* exception does not apply, and Plaintiff's claims are barred by Eleventh Amendment immunity.

D. *Younger* Abstention.

Defendant argues the complaint is also barred by the *Younger* abstention doctrine because it involves ongoing state criminal proceedings and Plaintiff is free to present any challenged violations of his constitutional rights to the California Court of Appeal. [Doc. No. 9-1 at 9-10.]

Generally, the Supreme Court's decision in *Younger* and its progeny direct federal courts to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings. *Younger v. Harris*, 401 U.S. 37, 40–41, 91 S.Ct. 746 27 L.Ed.2d 669 (1971); *Samuels v. Mackell*, 401 U.S. 66, 73, 91 S.Ct. 764, 27 L.Ed.2d 688 (1971) (holding that "where an injunction would be impermissible under these principles, declaratory relief should ordinarily be denied as well"). The *Younger* doctrine "reflects a strong policy against federal intervention in state judicial processes in the absence of great and immediate injury to the federal plaintiff." *Moore v. Sims*, 442 U.S. 415, 423, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979). When federal courts disrupt a state

7

3:17-cv-00708-CAB-(NLS)

court's opportunity to "intelligently mediate federal constitutional concerns and state interests" and interject themselves into such disputes, "they prevent the informed evolution of state policy by state tribunals." *Moore,* 442 U.S. at 429–30, 99 S.Ct. 2371.

Therefore, in the absence of "extraordinary circumstances," abstention in favor of state judicial proceedings is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *see San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir.2008) (noting that where these standards are met, a district court "may not exercise jurisdiction" and that "there is no discretion in the district courts to do otherwise"). "Where *Younger* abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on the merits after the state proceedings have ended. To the contrary, *Younger* abstention requires dismissal of the federal action." *Beltran v. State of Cal.*, 871 F.2d 777, 782 (9th Cir.1988) (emphasis in original).

Here, all three prongs of the *Younger* abstention doctrine are met because Plaintiff's claims all involve decisions made in state criminal proceedings and those proceedings are: (1) ongoing; (2) involve important state interests; and (3) provide Plaintiff the opportunity to litigate federal claims. *Middlesex*, 457 U.S. at 432. Plaintiff concedes that the state court proceedings are ongoing. [Doc. No. 37 at 21, ¶48.] Therefore, the first prong is met. Plaintiff argues, however, that the second prong is not met because the criminal charges are false, "vindictively charged," and because the California Attorney General has not "render[ed] its position" on whether the San Diego District Attorney should be disqualified from prosecuting the charges against Plaintiff. [Doc. No. 37 at 21, ¶48(b).] Again, Plaintiff cites no authority for his position. Clearly, ongoing criminal proceedings against Plaintiff implicate an important state interest.

8

3:17-cv-00708-CAB-(NLS)

*Spirit Communications, Inc. v. Jacobs*, 134 S.Ct. 584, 588(2013). Therefore, the second *Younger* abstention prong is met.

As to the third prong, Plaintiff does not provide any facts to suggest that the state court system does not have procedures in place for Plaintiff to adequately litigate his federal claims. Therefore, the third prong is met.

Finally, Plaintiff's argument that *Younger* is so narrow as to be unconstitutional" [Doc. No. 37 at 19, ¶45] is again without citation to authority. Accordingly, Plaintiff's arguments are without merit and the complaint is barred by the *Younger* abstention doctrine.

E. Leave to Amend.

In his opposition, Plaintiff argues that he would like leave to amend to add a claim for "judicial incompetence." [Doc. No. 37 at 6, ¶7.] However, Plaintiff does not cite to any authority to suggest that such a claim exists. Moreover, even if it did exist, it would be barred for the same reasons as the other claims as set forth above. Given that amendment to include such a claim would be futile, *Broughton*, 622 F.2d at 460, leave to amend is denied.

CONCLUSION

For the reasons set forth above, this action is barred by the doctrines of judicial immunity, Eleventh Amendment immunity, and *Younger* abstention. Moreover, Plaintiff cannot cure these defects by way of amendment. Therefore, the motion to dismiss the complaint [Doc. No. 9] is **GRANTED WITHOUT LEAVE TO AMEND**. Plaintiff's request for oral argument [Doc. No. 39] is **DENIED**. All other pending motions [Doc. Nos. 6 and 8] are **DENIED AS MOOT**. The Clerk of the Court shall **CLOSE** the case.

Dated: August 22, 2017

Hon. Cathy Ann Bencivengo
United States District Judge